**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30174 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00185-JLR |
| v. | |
| SAMUEL N. REZENE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Samuel N. Rezene appeals from the district court's judgment and challenges

his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rezene argues that the district court erred by granting the government's

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to preclude him from presenting a justification defense. Reviewing de novo, *see United States v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1991), we agree with the district court that, construing the facts in Rezene's favor, Rezene did not make a prima facie showing that he had no reasonable legal alternative to possessing a firearm. *See United States v. Perdomo-Espana*, 522 F.3d 983, 988 (9th Cir. 2008) (setting forth elements of justification defense). Specifically, Rezene did not show that seeking the aid of law enforcement was an unreasonable alternative to gun possession. *See United States v. Wofford*, 122 F.3d 787, 791 (9th Cir. 1997) ("Our cases uniformly require the defendant to seek aid from law enforcement before taking matters into his own hands."). Rezene argues that his contacts with law enforcement regarding the violent acts against him show that he did seek law enforcement help or, alternatively, that doing so would have been futile. However, the record reflects that rather than seeking the aid of law enforcement to find the perpetrators, Rezene repeatedly withheld relevant information from investigators regarding the perpetrators' identity and motivation. Moreover, Rezene did not report to law enforcement all of the violent acts against him. On this record, the district court did not err by precluding Rezene from asserting a justification defense. *See Schoon*, 971 F.2d at 195.

**AFFIRMED.**

17-30174